HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRUSTEES OF THE NORTHWEST LABORERS-EMPLOYERS HEALTH AND SECURITY TRUST,<br><br>       Plaintiff,<br><br>  v.<br><br>MORRIS MALONE, et al.,<br><br>       Defendants.<br><br>MORRIS MALONE, et al.,<br><br>       Third-Party Plaintiffs,<br><br>STREET PAVERS, SEWER, WATERMAIN AND TUNNEL WORKERS, LABORERS LOCAL 440, et al.,<br><br>       Third-Party Defendants. | No. 09-05399 RBL<br><br>ORDER ON PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF NEGLIGENT MISREPRESENTATION AND FRAUD CLAIMS AGAINST MORRIS MALONE AND VIOLA MALONE IN ACCORDANCE WITH FRCP 41(A)(2)<br>[Dkt. #49] |

  This matter is before the Court on Plaintiff's, Trustee of the Northwest Laborers-Employers Health and Security Trust, Motion for Voluntary Dismissal of Negligent Misrepresentation and Fraud Claims Against Morris Malone and Viola Malone in Accordance with FRCP 41(a)(2). [Dkt. #49].

  On July 2, 2009, Plaintiff filed this action with the Court against Viola Malone, her company, The Bag Lady, Inc. ("Bag Lady"), and her husband and employee of Bag Lady, Morris Malone. [Dkt. #1]. Plaintiff's causes of actions were negligent misrepresentation, fraud, and violation of the Employment Retirement Income Security Act (ERISA) § 502(a)(3), 29 U.S.C. §

ORDER - 1

1132(a)(3).[1]  *Id.*  Plaintiff alleged that Defendants wrongly reported contributions on behalf of Morris Malone during months that either Morris Malone was not an employee of Bag Lady or Bag Lady was not signatory to a project agreement, and thus received medical coverage from Plaintiff in excess of what they were entitled to.

Plaintiff seeks to voluntarily dismiss its claims for negligent misrepresentation and fraud against Viola and Morris Malone under FED. R. CIV. P. 41(a)(2) because ERISA preempts these claims.  [Dkt. #49].  Defendants agree that the claims should be dismissed, but they argue that dismissal should be conditioned upon an award of attorney's fees and costs to Defendants, or in the alternative, the Court should dismiss with prejudice.  [Dkt. #51].  Plaintiff agrees that dismissal should be with prejudice, but argues that an award of fees is inappropriate.  [Dkt. #54].

ERISA § 514(a) "supercede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  The Supreme Court observed "that the express preemption provisions of ERISA are deliberately expansive, and designed to establish pension plan regulation as exclusively a federal concern."  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45−46 (1986).  Plaintiff's claims of negligent misrepresentation and fraud against Viola and Morris Malone are state law claims that relate to an employee benefit plan.  These claims, therefore, are preempted by ERISA, and must be dismissed.

Costs and fees are often imposed upon the plaintiff when he is granted a voluntary dismissal.  *Stevedoring Serv. of Am. v. Armilla Int'l. B.V.*, 889 F.2d 919, 921 (1989).  The purpose of this is to reimburse the defendant for the costs of defending the claims in view of the risk that the lawsuit will be refiled and will impose duplicative expenses upon him.  *See, e.g.*, *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985).  Thus, an award of fees is only appropriate if the dismissal is without prejudice.  If the dismissal is with prejudice, the plaintiff cannot refile the claim, and the defendant will not face the risk of incurring the expense of defending the claim again.

---

[1]  29 U.S.C. § 1132(a)(3) states:
   A civil action may be brought by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

ORDER - 2

In this case, Plaintiff agrees to dismiss with prejudice. [Dkt. #54]. Even if Plaintiff had not agreed to dismiss with prejudice, dismissal of the state law claims would have effectively been with prejudice because they are preempted by ERISA. Thus, making the voluntary dismissal conditional upon an order of fees is inappropriate.

Defendants request that the Court dismiss Plaintiff's claims for negligent misrepresentation and fraud against Bag Lady as well because ERISA preempts these claims. [Dkt. #51]. Plaintiffs argue that the Court should not dismiss those claims against Bag Lady because the request is not properly before the Court on a motion. [Dkt. #54].

FED. R. CIV. P. 7 requires that the method for requesting relief from the court be through a motion. Plaintiff did not request to dismiss the state law claims against Bag Lady in its Motion for Voluntary Dismissal. Defendants have not brought a motion before this Court to dismiss those claims either. Thus, because there is no motion before the Court to dismiss the state law claims against Bag Lady, the Court will not dismiss the claims.

Plaintiff's Motion for Voluntary Dismissal [Dkt. #49] is GRANTED, and its claims for negligent misrepresentation and fraud against Viola and Morris Malone are DISMISSED. Because Plaintiff's claims for negligent misrepresentation and fraud are preempted by ERISA, it cannot plead facts consistent with those alleged in its prior complaint that would state a cause of action against these defendants. The dismissal is, therefore, WITH PREJUDICE. Defendants' request for fees is DENIED. Because Defendants fail to properly bring their request to dismiss Plaintiff's state law claims against Bag Lady in a motion, their request is DENIED. Defendants are free to file a motion to dismiss those claims in the future.

**IT IS SO ORDERED.**

Dated this 4th day of November, 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 3