HONORABLE RONALD B. LEIGHTON

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRUSTEES OF THE NORTHWEST LABORERS-EMPLOYERS HEALTH AND SECURITY TRUST, | No. 09-05399 RBL |
| Plaintiff, | |
| v. | ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER [Dkt. #58] |
| MORRIS MALONE, et al., | |
| Defendants. | |
| MORRIS MALONE, et al., | |
| Third-Party Plaintiffs, | |
| STREET PAVERS, SEWER, WATERMAIN AND TUNNEL WORKERS, LABORERS LOCAL 440, et al., | |
| Third-Party Defendants. | |

9

10

11

12

13

14

15

16

17

18

19

20

21        This matter is before the Court on Defendants', Moris Malone, Viola Malone, and The

22   Bag Lady, Inc. ("Bag Lady"), Motion for Protective Order.  [Dkt. #58].

23        On July 2, 2009, Plaintiff, Trustees of the Northwest Laborers-Employers Health and

24   Security Trust, filed this action with the Court against Viola Malone, her company, Bag Lady,

25   and her husband and employee of Bag Lady, Morris Malone.  [Dkt. #1].  Plaintiff alleges

26   violation of the Employment Retirement Income Security Act (ERISA) § 502(a)(3), 29 U.S.C. §

27   1132(a)(3) against all defendants, and negligent misrepresentation and fraud against Bag Lady.

28   [Dkts. #1, 83].  Plaintiff alleged that Defendants wrongly reported contributions on behalf of Mr.

ORDER - 1

1    Malone during months that either Mr. Malone was not an employee of Bag Lady or Bag Lady

2    was not signatory to a project agreement, and that Mr. Malone therefore received medical

3    coverage from Plaintiff in excess of what he was entitled to.

4          During the course of mediation, Plaintiff made requests for production of Defendants' tax

5    returns.  [Dkt. #58].  The parties agreed that the tax information of Mrs. Malone was not

6    relevant, and Bag Lady has already produced redacted versions of its tax returns.  *Id.*  The parties

7    disagree, however, as to the relevance of Mr. Malone's tax returns.  Defendants seek a protective

8    order to keep Plaintiff from discovering Mr. Malone's tax returns, arguing that the information is

9    not relevant and can be readily found in other sources.  *Id.*

10         Although tax returns are not exempt from discovery, there is a policy for keeping them

11    confidential in light of the goal to encourage taxpayers to file complete and accurate returns.

12    *Premium Serv. Corp v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975).  The Court

13    has employed a two prong test when dealing with the production of tax returns: (1) whether the

14    tax returns are relevant, and (2) whether there is a compelling need for the tax returns because

15    the information they contain is not readily obtainable elsewhere.  *Sneller v. City of Bainbridge*

16    *Island*, No. 07-05338, 2008 WL 4534364, at *1 (W.D. Wash. Oct. 7, 2008).

17         The information that can be gathered from a tax return will not make any of Plaintiff's

18    allegations more likely.  Plaintiff alleges in its complaint that (1) "Bag Lady reported

19    contributions on behalf of Morris Malone in months when it was not signatory to a project

20    agreement," (2) "Bag Lady reported contributions on behalf of Morris Malone in months when

21    he was not an employee of the company," and (3) "Morris Malone was not eligible to participate

22    in the Trust because, as the spouse of the owner of Bag Lady, he was not a bargaining unit

23    employee."  [Dkt. #1].  Mr. Malone's tax return will generally show how much income he

24    received from various sources and how much he paid in taxes.  It will not show whether Bag

25    Lady signed a project agreement, what months Mr. Malone worked for Bag Lady, or whether

26    Mr. Malone was eligible to participate in the Trust.  Thus, the tax returns are not relevant to

27    Plaintiff's allegations in the complaint.

28

1   Because the tax returns are not directly relevant to the allegations, Plaintiff argues that

2   the tax returns will indirectly make the allegations more likely.  Plaintiff states that the tax

3   returns will show (1) whether Mr. Malone was employed by another entity, (2) whether Mr.

4   Malone received unemployment, (3) whether Bag Lady knew Mr. Malone was employed

5   elsewhere while it was reporting him as an employee, (4) whether it is correct that Mr. Malone

6   was not employed by Bag Lady for certain periods as shown on the Employment Security

7   Department records, and (5) whether Mr. Malone was an unreported owner of Bag Lady.  [Dkt.

8   #65].  Some of these factors, even if proven, will fail to make the allegations more likely true.

9   Whether Mr. Malone was employed elsewhere does not affect the number of hours he worked

10  for Bag Lady.  It is possible for Mr. Malone to have more than one job at one time.  Some of

11  these factors cannot be settled by Mr. Malone's tax return.  Bag Lady's knowledge about the

12  employment status of Mr. Malone cannot be determined from Mr. Malone's tax return.  The tax

13  returns will not show what periods of time Mr. Malone worked for Bag Lady.  Some of these

14  factors can be readily determined elsewhere.  Whether Mr. Malone received unemployment is

15  available on the records from the Employment Security Department, which Plaintiff already has

16  or can easily get.  Whether Mr. Malone was an owner of Bag Lady will be on Bag Lady's tax

17  return, which has already been produced.  Thus, in light of the policy for keeping tax returns

18  confidential and their lack of relevance, Mr. Malone's tax returns are exempt from discovery.

19      Defendants' Motion for Protective Order [Dkt. #58] is GRANTED, and Defendants are

20  not required to produce Mr. Malone's tax returns to Plaintiff.

21  **IT IS SO ORDERED.**

22  Dated this 10th day of November 2010.

23

24

25  _____

26  RONALD B. LEIGHTON
    UNITED STATES DISTRICT JUDGE

27

28

ORDER - 3