HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRUSTEES OF THE NORTHWEST LABORERS-EMPLOYERS HEALTH AND SECURITY TRUST,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MORRIS MALONE, et al.,<br><br>　　　　　　　　　　Defendants.<br><br>MORRIS MALONE, et al.,<br><br>　　　　　　　Third-Party Plaintiffs,<br><br>STREET PAVERS, SEWER, WATERMAIN AND TUNNEL WORKERS, LABORERS LOCAL 440, et al.,<br><br>　　　　　　　Third-Party Defendants. | No. 09-05399 RBL<br><br>ORDER ON THIRD-PARTY DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [Dkt. #57] |

## I.  INTRODUCTION

This matter is before the Court on Third-Party Defendants', Street Pavers, Sewer, Watermain and Tunnel Workers, Laborers Local 440, et al. ("Union"), Motion for Judgment on the Pleadings Regarding Third-Party Plaintiffs' Causes of Action. [Dkt. #57]. The Union asks the Court to dismiss the third-party complaint against them, arguing that (1) the claim for negligent misrepresentation is barred by the economic loss rule and (2) labor unions are exempt from liability under Washington's Consumer Protection Act (CPA). *Id.*

ORDER - 1

## II.  BACKGROUND

Plaintiff, Trustees of the Northwest Laborers-Employers Health and Security Trust ("Trust"), filed this action on July 1, 2009.  [Dkt. #1].  Defendants are Viola and Morris Malone, and Mrs. Malone's company, The Bag Lady, Inc. ("Bag Lady").  *Id.*  Mr. Malone was an employee of Bag Lady.  *Id.*  Plaintiff alleges violation of the Employment Retirement Income Security Act (ERISA) § 502(a)(3), 29 U.S.C. § 1132(a)(3), negligent misrepresentation, and fraud against Defendants.  *Id.*  The Court granted Plaintiff's motion for voluntary dismissal of its claims for negligent misrepresentation and fraud against the Malones on November 4, 2010.[1]  [Dkt. #83].

Bag Lady has been signatory to multiple project collective bargaining agreements with the Union.  [Dkt. #1].  These agreements required Bag Lady to make monetary contributions to the Trust in exchange for medical benefits provided by the Trust to eligible bargaining unit employees.  *Id.*  The Trust determined the eligibility of the employees based on the number of hours the employee worked under the collective bargaining agreement.  *Id.*  Bag Lady was required to file monthly remittance reports with the Trust, listing the hours worked by each employee under the collective bargaining agreement and the corresponding amount due in contributions.  *Id.*

Plaintiff alleges that Defendants reported contributions on behalf of Mr. Malone during months that either Mr. Malone was not an employee of Bag Lady, or Bag Lady was not signatory to a project agreement, and that Mr. Malone therefore received medical benefits from Plaintiff in excess of that to which he was entitled.  *Id.*  Plaintiff seeks "equitable restitution under ERISA . . . in an amount to be proved on motions or at trial" and "damages for the benefits provided by the Trust, as well as interest, in an amount to be proved on motions or at trial."  *Id.*, ¶¶30, 32, 37.

Defendants in turn filed a third-party complaint against the Union for negligent misrepresentation and violations of Washington's Consumer Protection Act (CPA).  They allege

---

[1] Plaintiff's claim for negligent misrepresentation and fraud against Bag Lady were not dismissed.  [Dkt. #83].

ORDER - 2

that to encourage Defendants to enter into project agreements with the Union, the Union falsely represented to them that "The Bag Lady, Inc. could qualify for benefits from Plaintiff by signing only Laborers' Project Agreements and [sic] regardless of how many hours The Bag Lady, Inc. spent at any given jobsite." [Dkt. #29, ¶4.2]. Defendants seek "[d]ismissal with of [sic] Plaintiff's Complaint in its entirety," "[j]udgment against the Union . . . to compensate Plaintiffs for the Union's misrepresentations and unfair and deceptive acts," and "[a]n award of attorneys' fees and costs." *Id.*, page 11, lines 7−11.

The Union moves for a judgment on the pleadings under FED. R. CIV. P. 12(c), arguing that (1) the economic loss rule bars the negligent misrepresentation claim and (2) labor organizations are exempt from liability under the CPA. [Dkt. #57]. Defendants argue that (1) the economic loss rule does not bar their negligent misrepresentation claim because the validity of the contracts is disputed, and (2) the Union is not exempt from liability under the CPA because it was not engaged in lawful behavior. [Dkt. #69].

### III. DISCUSSION

A. Economic Loss Rule

The economic loss rule "bar[s] recovery for alleged breach of tort duties where a contractual relationship exists and the losses are economic losses." *Alejandre v. Bull*, 159 Wash. 2d 674, 683, 153 P.3d 864 (2007). The parties do not dispute that Defendants' negligent misrepresentation claim against the Union is a tort claim and that Defendants' prayer for relief is purely economic. The parties disagree, however, as to the existence of a contractual relationship. The Union's position is that the project agreements constitute the contractual relationship between the parties. [Dkt. #57]. Defendants argue that (1) the Union has not placed the contracts before the Court, and (2) because the question of whether Bag Lady was a proper signatory to the project agreements is at issue, the validity of the contracts is in dispute. [Dkt. #69].

The Defendants' arguments fail. The Union need not place the contracts before the Court because Defendants admitted the existence of the contracts in their answer to Plaintiff's complaint and in their third-party complaint. Defendants pled that "The Bag Lady, Inc. signed

several laborers' Project Agreements, which speak for themselves." [Dkt. #29, ¶3.11]. Because the Court must accept all factual allegations of the complaint as true when ruling on a Rule 12(c) motion, the existence of the contract is not an issue. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

Whether Bag Lady was a proper signatory to the project agreements is also not at issue. Because the Trust's complaint alleges that Defendants reported contributions on behalf of Mr. Malone during months that either Mr. Malone was not an employee of Bag Lady or Bag Lady was not signatory to a project agreement, the issue is the number of hours Mr. Malone worked for Bag Lady and the periods of time during which Bag Lady was signatory to project agreements. [Dkt. #1]. Thus, because the validity of the contracts between the parties is not at issue, and Defendants plead that they signed project agreements with the Union, the economic loss rule bars the negligent misrepresentation claim against the Union.

Defendants argue that because the Malones were not parties to the project agreements, their tort claim against the Union cannot be barred by the economic loss rule. [Dkt. #69]. The Union argues that because the Malones and Bag Lady pled their causes of action collectively and the project agreements govern the relationship among all of the parties involved in this action, it does not matter that the Malones were not parties to the project agreements. "In order for the economic loss rule to apply and preclude a negligent misrepresentation tort claim, there must be a contract between the parties." *Borish v. Russell*, 155 Wash. App. 892, 904, 230 P.3d 646 (2010). The parties agree that only Defendant Bag Lady was a party to the project agreements. There was no contract between the Malones and the Union. The economic loss rule therefore does not bar the Malones' tort claims against the Union.

B. Consumer Protection Act

The Union argues that Defendants' CPA claim should be dismissed because labor unions are exempt from liability under the CPA. [Dkt. #57]. Defendants argue that the Union is not exempt from liability under the CPA because it was not engaged in lawful behavior when it made the misrepresentation. [Dkt. #69].

"Washington's CPA explicitly exempts certain activities and organizations from liability." *Ernst Home Ctr., Inc. v. United Food and Commercial Workers Int'l Union, AFL-CIO, Local 1001*, 77 Wash. App. 33, 46, 888 P.2d 1196 (1995).  RCW 19.86.070 exempts labor unions from the scope of the CPA by stating,

> The labor of a human being is not a commodity or article of commerce.  Nothing contained in this chapter shall be construed to forbid the existence and operation of labor . . . organizations, instituted for the purposes of mutual help . . . or to forbid or restrain individual members of such organizations from lawfully carrying out the legitimate objects thereof.

The legality of the Union's actions is not an element of labor unions' exemption from the CPA.  In *Ernst*, the plaintiff alleged that the defendant attorneys made defamatory misrepresentations about Ernst in a brochure that was distributed to Ernst's employees.  77 Wash. App. at 36.  The *Ernst* court did not consider the lawfulness of the alleged misrepresentations.  It determined that the defendants were exempt from liability under the CPA because they "were acting on behalf of the Union to provide Ernst employees with legal advice about back pay for off-the-clock work and to coordinate potential claims." *Id.* at 47.  Furthermore, from a practical standpoint, the labor union exemption would be rendered moot if it never applied in situations where the allegations were that the labor union engaged in misconduct.  Virtually all complaints allege some sort of misconduct by the defendant.  If the Court were to accept the notion that the exemption does not apply when the union is engaged in misconduct, the exemption would essentially never apply.  This result goes against the legislators' favoring of collective bargaining and other union activities.  *See, e.g.*, *id.*  The Union is exempt from liability under the CPA.

## IV. CONCLUSION

The Third-Party Defendants' Motion for Judgment on the Pleadings Regarding Third-Party Plaintiffs' Causes of Action [Dkt. #57] is therefore GRANTED in part, and DENIED in part.

Because the economic loss rule prevents Bag Lady from bringing tort claims against the Union, Bag Lady cannot plead facts consistent with those alleged in its prior complaint that

would state a cause of action against the Union.  Thus, Bag Lady's claim against the Union for negligent misrepresentation is DISMISSED WITH PREJUDICE.

Because RCW 19.86.070 exempts labor unions from liability under the CPA, Defendants cannot plead facts consistent with those alleged in their prior complaint that would state a cause of action against the Union.  Thus, Defendants claim against the Union for violation of the CPA is DISMISSED WITH PREJUDICE.

Because the Malones were not parties to the project agreements, the economic loss rule does not bar their claim for negligent misrepresentation.  Thus, the Union's Motion to Dismiss the Malones' claim for negligent misrepresentation is DENIED.

**IT IS SO ORDERED.**

Dated this 18th day of November 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE