HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRUSTEES OF THE NORTHWEST LABORERS-EMPLOYERS HEALTH AND SECURITY TRUST,<br><br>                Plaintiff,<br><br>   v.<br><br>MORRIS MALONE, et al.,<br><br>                Defendants.<br><br>MORRIS MALONE, et al.,<br><br>                Third-Party Plaintiffs,<br><br>STREET PAVERS, SEWER, WATERMAIN AND TUNNEL WORKERS, LABORERS LOCAL 440, et al.,<br><br>                Third-Party Defendants. | No. 09-05399 RBL<br><br>ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>[Dkt. #61] |

**I.**

**II.  INTRODUCTION**

This matter is before the Court on Defendants', Morris Malone and Viola Malone, Motion for Partial Summary Judgment on Plaintiff's, (ERISA) claim against Mr. and Mrs. Malone. [Dkt. #61]. Defendants request that the Court dismiss Plaintiff's ERISA claim because Plaintiff seeks legal relief when ERISA only allows for equitable relief. *Id.*

ORDER - 1

### III. BACKGROUND

Plaintiff, the Trust, filed this action on July 1, 2009. [Dkt. #1]. Defendants are Viola and Morris Malone, and Mrs. Malone's company, The Bag Lady, Inc. ("Bag Lady"). *Id.* Mr. Malone was an employee of Bag Lady. *Id.* Plaintiff alleges violation of the Employment Retirement Income Security Act (ERISA) § 502(a)(3), 29 U.S.C. § 1132(a)(3), negligent misrepresentation, and fraud against Defendants. *Id.*

Bag Lady has been signatory to multiple project collective bargaining agreements with Third-Party Defendants, Street Pavers, Sewer, Watermain and Tunnel Workers, Laborers Local 440 ("Union"). [1] [Dkt. #1]. These agreements required Bag Lady to make monetary contributions to the Trust in exchange for medical benefits provided by the Trust to eligible bargaining unit employees. *Id.* The Trust determined the eligibility of the employees based on the number of hours the employee worked under the collective bargaining agreement. *Id.* Bag Lady was required to file monthly remittance reports with the Trust, listing the hours worked by each employee under the collective bargaining agreement and the corresponding amount due in contributions. *Id.*

Plaintiff alleges that Defendants reported contributions on behalf of Mr. Malone during months that either Mr. Malone was not an employee of Bag Lady, or Bag Lady was not signatory to a project agreement, and that Mr. Malone therefore received medical benefits from Plaintiff in excess of that to which he was entitled. *Id.* Plaintiff seeks "equitable restitution under ERISA . . . in an amount to be proved on motions or at trial" and "damages for the benefits provided by the Trust, as well as interest, in an amount to be proved on motions or at trial." *Id.*, ¶¶30, 32, 37. The Court granted Plaintiff's motion for voluntary dismissal of its claims for negligent misrepresentation and fraud against the Malones on November 4, 2010.[2] [Dkt. #83].

---

[1] Defendants filed a third-party complaint against the Union for negligent misrepresentation and violation of Washington's Consumer Protection Act (CPA). [Dkt. #29]. On November 18, 2010, the Court granted the Union's motion for judgment on the pleadings, and dismissed Defendant Bag Lady's claim for negligent misrepresentation and Defendants' claim for violation of the CPA in its entirety. [Dkt. #95]. The Malones' claim for negligent misrepresentation is still valid. *Id.*

[2] Plaintiff's claim for negligent misrepresentation and fraud against Bag Lady were not dismissed. [Dkt. #83].

Defendants bring this motion for partial summary judgment, arguing that the Court should dismiss Plaintiff's ERISA claim as well because Plaintiff seeks legal relief while ERISA only allows for equitable relief. [Dkt. #61].

### III.  DISCUSSION

#### A.  Standard of Review

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2).  There is no genuine issue as to any material fact if there is not sufficient evidence to support a jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The moving party has the burden of demonstrating the absence of a genuine issue of material fact. *Id.* at 257.

In addition to demonstrating that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c)(2).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim for which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

#### B.  Equitable Remedies Under ERISA

It is Defendants' position that Plaintiff's ERISA claim should be dismissed because it seeks legal relief when ERISA only allows for equitable relief. [Dkt. #61].  Defendants argue that Plaintiff's relief is legal because it seeks reimbursement of money that was never in Defendants' possession. *Id.*  While Plaintiff concedes that ERISA only allows for equitable relief, it argues that it seeks equitable restitution because Defendants fraudulently reported to the Trust that Mr. Malone worked more hours than he actually did. [Dkt. #73].

ERISA § 502(a)(3) only permits suit "to obtain other appropriate equitable relief." 29 U.S.C. § 1132(a)(3).  Defendants rely on two recent Supreme Court cases that argue that relief under ERISA § 502(a)(3) is legal when the plaintiff seeks reimbursement of money that was never in the defendant's possession.  In *Great-West Life & Annuity Ins. Co. v. Knudson*, Plaintiff

ORDER - 3

sought to enforce a contractual provision to recover the medical expenses it had paid on behalf of Defendants for injuries sustained in a car accident, after Defendants had recovered a settlement with the car manufacturer. 534 U.S. 204, 207−08 (2002). Although Defendants kept Plaintiff's portion in a Special Needs Trust, Plaintiff did not specifically seek the money in the trust, rather it sought Defendants' assets generally. *See id.* at 207; *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 363 (2006). The Court held that Plaintiff's claim was for legal relief because "[f]or restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Knudson*, 534 U.S. at 205.

Similarly, in *Sereboff*, the Court held that Plaintiff sought equitable relief because the funds it sought to recover were in Defendants' possession. 547 U.S. at 369. As was the case in *Knudson*, Plaintiff sued for breach of contract to get reimbursement of medical expenses it paid on Defendants' behalf after Defendants were involved in a car accident. *Id.* at 359−60. Plaintiff specifically sought to recover funds that Defendants had collected in settlements with multiple third parties, which funds were set aside in Defendants' investment account. *Id.* at 360. The Court held that Plaintiff sought equitable relief because "[it] sought specifically identifiable funds that were within the possession and control of the [defendants]." *Id.* at 362 (internal quotations omitted).

*Knudson* and *Sereboff* are not exactly on point with the present case. They do not address a plaintiff's claim that the defendant obtained benefits through fraud or wrongdoing. "The Ninth Circuit has recognized the remedy of restitution under ERISA § 502(a)(3) in situations involving ill-gotten gains, such as money obtained through fraud or wrongdoing." *Nw. Adm'rs., Inc. v. Cutter*, No. C07-0988-JCC, 2008 WL 217731, at *5 (W.D.Wash. Jan 24, 2008) (internal quotations omitted). For example, the Ninth Circuit noted in *Carpenters Health and Welfare Trust For S. Cal. v. Vonderharr*, "[t]he remedies of restitution and the imposition of a constructive trust are available under § 1132(a)(3), but only as true equitable remedies and provided the traditional requirements of fraud or wrong-doing are satisfied." 384 F.3d 667, 672 (2004).

Other Ninth Circuit authority suggests that when the defendant procures benefits through fraud, even if the benefits were never in the defendant's possession, the plaintiff's relief is grounded in equity.  In *Cutter*, the court found that the plaintiff sought equitable relief under ERISA § 502(a)(3) when the defendant had falsely informed the plaintiff that he was married, and the plaintiff provided medical benefits to the defendant's "spouse."  2008 WL 217731, at *1.  The court distinguished the case from *Knudson* and *Sereboff* on the grounds that (1) the plaintiff was not trying to enforce a separate contractual obligation to compensate for a benefit conferred; rather, it sought to recoup the actual benefit conferred, and (2) the plaintiff alleged fraud or wrongdoing by the defendant in procuring the medical benefits.  *Id.* at 6.

Like *Cutter*, the present case is distinguishable from *Knudson* and *Sereboff*.  The Trust is alleging that the Defendants obtained the medical benefits wrongfully by falsifying the number of hours Mr. Malone worked.  [Dkt. #1].  Because, under the summary judgment standard, the Court must take the facts in the light most favorable to the nonmoving party, the Court must accept that Defendants falsely reported the number of hours Mr. Malone worked for Bag Lady.  Although Defendants never had possession of the money the Trust paid in medical care, the medical benefits were procured by wrongdoing.  Plaintiff's claim for relief, therefore, is grounded in equity.

Because Plaintiff seeks equitable relief, its action is authorized under ERISA.  Thus, Defendants' Motion for Partial Summary Judgment of Plaintiff's ERISA claim against them is DENIED.

**IT IS SO ORDERED.**

Dated this 29th day of November 2010.


RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 5